UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**HURRICANE SHOOTERS, LLC,**

    **Plaintiff,**

v.                                                                                  Case No.  8:10-cv-762-T-30AEP

**EMI YOSHI, INC.,**

    **Defendant.**

_____/

## ORDER

THIS CAUSE comes before the Court upon Defendant's Motion for Summary Judgment of Patent Invalidity (Dkt. 15), Plaintiff's Memorandum of Law in Opposition (Dkt. 31), and Defendant's Reply Memorandum (Dkt. 38).  The Court, having considered the motion, response, reply, record evidence, and being otherwise advised in the premises, concludes that the motion for summary judgment of patent invalidity should be denied.

## BACKGROUND

Plaintiff Hurricane Shooters, LLC ("Plaintiff") is the owner of a variety of patents in the field of drinking glasses and barware.  Among these are the two patents at issue in this case: U.S. Pat. No. 7,243,812 ("the '812 Patent") and U.S. Patent No. 7,523,840 ("the '840 Patent").  Both involve plural chamber drinking cups for serving mixed drinks in bars and restaurants.  The '812 Patent is what might be termed the parent patent and the '840 Patent an improvement, or child thereof.  Both patents have the same title, Plural Chamber Drinking Cup. The invention of the '812 Patent is summarized as follows:

> The invention provides a plural chambered cup for serving mixed drinks comprising an outer chamber having a bottom with an outer edge wherein the outer edge terminates in an upwardly extending outer chamber side wall that terminates in an uppermost outer chamber rim that forms the periphery of an open top and further comprising an inner chamber disposed within the outer chamber having an inner chamber side wall that extends upwardly from the outer chamber bottom and terminates in an uppermost inner chamber rim that forms the periphery of an open top and also has a bottom with an outer edge terminating in the upwardly extending inner chamber side wall, wherein the inner chamber rim is disposed a selected distance below the outer chamber rim. The distance is selected to optimize mixing of fluids as they are simultaneously poured out of the two chambers while minimizing interference with the noses of the drinkers.

(Dkt. 15-1).

Plaintiff's complaint alleges that Defendant EMI Yoshi, Inc. ("Defendant") has infringed these patents. Defendant now moves for summary judgment of invalidity of the '812 Patent and the '840 Patent due to Plaintiff's alleged failure to comply with 35 U.S.C. §112, by failing to include in the specifications a written description of the claimed inventions or how to use the claimed inventions. In essence, Defendant argues that the patents do not adequately describe the claimed inventions or how to use the claimed inventions. Specifically, with respect to the '812 Patent, Defendant points to the language of the independent claims 1 and 14 as follows:

> 1. c)   wherein said inner chamber bottom with an outer edge terminating in said upwardly extending inner chamber side wall forms a lower chamber and <u>the liquid volume of said inner chamber and, when said cup is inverted, said lower chamber are substantially equal</u>.

> 14. d)   wherein said outer chamber inner side wall, said inner chamber outer side wall, and said inner chamber bottom form a lower chamber and wherein <u>the liquid volumes of said inner chamber, and when said cup is inverted, said lower chamber are substantially equal</u>.

(Dkt. 15-1) (emphasis added).  Defendant argues that the specification does not describe an inner chamber and lower chamber of <u>substantially equal</u> volumes.

With respect to the '840 Patent, Defendant argues that the specification similarly does not describe the relative ratios of volume between the inner and lower chambers.  The '840 patent differs from the '812 patent to the extent that it claims that the inverted chamber 16 has a volume that is equal to or up to twice the volume of the inner cup 12.

## DISCUSSION

### I. Summary Judgment Standard of Review

Motions for summary judgment should only be granted when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, show there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).  The existence of some factual disputes between the litigants will not defeat an otherwise properly supported summary judgment motion; "the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986) (emphasis in original).  The substantive law applicable to the claimed causes of action will identify which facts are material. *Id.*  Throughout this analysis, the court must examine the evidence in the light most favorable to the non-movant and draw all justifiable inferences in its favor. *Id.* at 255.

Once a party properly makes a summary judgment motion by demonstrating the absence of a genuine issue of material fact, whether or not accompanied by affidavits, the nonmoving party must go beyond the pleadings through the use of affidavits, depositions, answers to interrogatories and admissions on file, and designate specific facts showing that there is a genuine issue for trial. *Celotex*, 477 U.S. at 324. The evidence must be significantly probative to support the claims. *Anderson*, 477 U.S. at 248-49 (1986).

This Court may not decide a genuine factual dispute at the summary judgment stage. *Fernandez v. Bankers Nat'l Life Ins. Co.*, 906 F.2d 559, 564 (11th Cir. 1990). "[I]f factual issues are present, the Court must deny the motion and proceed to trial." *Warrior Tombigbee Transp. Co. v. M/V Nan Fung*, 695 F.2d 1294, 1296 (11th Cir. 1983). A dispute about a material fact is genuine and summary judgment is inappropriate if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Anderson*, 477 U.S. at 248; *Hoffman v. Allied Corp.*, 912 F.2d 1379 (11th Cir. 1990). However, there must exist a conflict in substantial evidence to pose a jury question. *Verbraeken v. Westinghouse Elec. Corp.*, 881 F.2d 1041, 1045 (11th Cir. 1989).

**II.  Defendant's Motion for Summary Judgment as to Patent Invalidity**

35 U.S.C. §112 sets forth in its first paragraph the following requirements for a patent specification:

> The specification shall contain a written description of the invention, and of the manner and process of making and using it, in such full, clear, concise, and exact terms as to enable any person skilled in the art to which it pertains, or with which it is most nearly connected, to make and use the same, and shall set forth the best mode contemplated by the inventor of carrying out his invention.

The written description requirement is separate and distinct from the enablement requirement. *See Ariad Pharm., Inc. v. Eli Lilly & Co.,* 598 F.3d 1336, 1344-45, 1351 (Fed. Cir. 2010); *Carnegie Mellon Univ. v. Hoffmann-La Roche Inc.,* 541 F.3d 1115, 1121 (Fed. Cir. 2008). It ensures that "the patentee had possession of the claimed invention at the time of the application, i.e., that the patentee invented what is claimed." *LizardTech, Inc. v. Earth Resource Mapping, Inc.,* 424 F.3d 1336, 1344-45 (Fed. Cir. 2005).

"[T]he description must clearly allow persons of ordinary skill in the art to recognize that the inventor invented what is claimed." *Ariad,* 598 F.3d at 1351 (citations and internal brackets omitted). "In other words, the test for sufficiency is whether the disclosure of the application relied upon reasonably conveys to those skilled in the art that the inventor had possession of the claimed subject matter as of the filing date." *Id.* (citations omitted). Importantly, whether the written description requirement is met is a question of fact. *Martek Biosciences Corp. v. Nutrinova, Inc.,* 579 F.3d 1363, 1369-70 (Fed. Cir. 2009) (citation omitted). And whether a patent complies with the written description requirement will necessarily vary depending on the context. *Ariad,* 598 F.3d at 1351. The level of detail required will vary depending on the nature and scope of the claims and on the complexity and predictability of the relevant technology. *Id.* Defendant must ultimately prove that the written description fails these standards by clear and convincing evidence. *PowerOasis, Inc. v. T-Mobile USA, Inc.,* 522 F.3d 1299, 1307 (Fed. Cir. 2008) (*citing Invitrogen Corp. v. Clontech Labs., Inc.,* 429 F.3d 1052, 1072-73 (Fed. Cir. 2005)).

"The 'enablement requirement is satisfied when one skilled in the art, after reading the specification, could practice the claimed invention without undue experimentation.'" *Sitrick v. Dreamworks, LLC,* 516 F.3d 993, 999 (Fed. Cir. 2008) (citation omitted). "The full scope of the claimed invention must be enabled.... A patentee who chooses broad claim language must make sure the broad claims are fully enabled." *Id.* "The party alleging invalidity for lack of enablement bears the burden of proving by clear and convincing evidence that the specification of a challenged patent fails to teach one of ordinary skill in the art how to make the invention." *Ormco Corp. v. Align Tech., Inc.,* 498 F.3d 1307, 1318 (Fed. Cir. 2007).

There are two issues in Defendant's motion for summary judgment as to patent invalidity: does either patent disclose a 1:1 or 1:2 ratio of the volumes of the inner cup to the inverted chamber; and (2) does either patent disclose how to use such an inner cup and inverted chambers of such volumes together in some meaningful way. The Court concludes that the record reflects material disputed facts on these issues precluding summary judgment.

With respect to the written description requirement, a reasonable jury could find that the description in the patents in combination with the drawings would allow an artisan in the field to know that the inventor had invented what is claimed. As Plaintiff points out, the patents' specifications refer to both the inner and lower chambers as shot glasses which might have volumes ranging from about 1 oz. to 1.5 oz. This, combined with the drawings is sufficient to create material disputed facts as to the patents' validity.

The declaration of Bryan Mansfield ("Mansfield"), one of the inventors of the patents, relied upon by Plaintiff in its response to the motion for summary judgment, also creates a material disputed fact on the issue of whether the volumes of the inner cup to the inverted chamber are adequately described. Mansfield discusses how the drawings included in the patents' specifications allow one skilled in the art to calculate the respective volumes of the inner and lower chambers of the cups described in the specifications. Notably, Defendant failed to submit any evidence from one skilled in the art in support of its motion.

For these same reasons, there are also material disputed facts as to the enablement requirement. A jury could conclude that the specifications in combination with the drawings demonstrate how to use the invention. The specification includes the following statement: "As may be appreciated, if the cup illustrated in FIG. 1B is inverted, the space 16 can now be filled with liquid. In this orientation, the cup can be used as an inexpensive single chamber shot glass." (Dkt. 15-1 and 15-2). And as Plaintiff points out, the inventors' December 10, 2004 Provisional Application 60/634,953 includes a photograph of the inverted cup being used as a single chamber shot glass. (Dkt. 31, Ex. D).

In conclusion, Defendant has failed to prove, by clear and convincing evidence, the absence of any genuine issue of material fact that the specifications lack an adequate description of the claimed inventions.

It is therefore ORDERED AND ADJUDGED that:

1. Defendant's Motion for Summary Judgment of Patent Invalidity (Dkt. 15) is hereby DENIED.

  2.  Defendant's Motion for Miscellaneous Relief (Dkt. 49) is hereby DENIED as moot.

**DONE** and **ORDERED** in Tampa, Florida on November 19, 2010.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

S:\Even\2010\10-cv-762.msjDkt15Final.wpd