# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

**HURRICANE SHOOTERS, LLC,**

    **Plaintiff,**

v.                                                              Case No.  8:10-cv-762-T-30AEP

**EMI YOSHI, INC.,**

    **Defendant.**

_____/

## ORDER

THIS CAUSE comes before the Court upon Plaintiff's Motion to Dismiss Counts II & III of Defendant's First Amended Counterclaim and to Strike Defendant's Third Affirmative Defense (Dkt. 40) and Defendant's Opposition to same (Dkt. 41).  The Court, having reviewed the motion, response, and being otherwise advised in the premises, concludes that the motion should be denied.

## BACKGROUND

Plaintiff Hurricane Shooters, LLC ("Plaintiff") is the owner of a variety of patents in the field of drinking glasses and barware.  Among these are the two patents at issue in this case: U.S. Pat. No. 7,243,812 ("the '812 Patent") and U.S. Patent No. 7,523,840 ("the '840 Patent").  Both involve plural chamber drinking cups for serving mixed drinks in bars and restaurants.  The '812 Patent is what might be termed the parent patent and the '840 Patent an improvement, or child thereof.  Both patents have the same title, Plural Chamber Drinking Cup.

Plaintiff's complaint alleges that Defendant EMI Yoshi, Inc. ("Defendant") has infringed these patents. Defendant filed an amended answer and counterclaim. Counts II and III of Defendant's counterclaim assert claims under the antitrust laws of the United States against Plaintiff. In Count II, Defendant alleges a claim for violation of Section 1 of the Sherman Act, 15 U.S.C. §1, for an alleged contract or combination in restraint of trade. In Count III, Defendant alleges a claim for violation of Section 2 of the Sherman Act, 15 U.S.C. §2, for monopolization based on patent misuse. Defendant also asserts an affirmative defense (the third affirmative defense) based on these alleged antitrust violations.

Plaintiff now moves to dismiss Counts II and III of the counterclaim and Defendant's third affirmative defense, because they fail to state a claim upon which relief can be granted. Plaintiff argues that the claims are not supported by adequate factual allegations. For the reasons set forth herein, the Court concludes that the antitrust claims are sufficiently pled.

## DISCUSSION

**I.   Standard of Review on a Motion to Dismiss**

Determining the propriety of granting a motion to dismiss requires courts to accept all the factual allegations in the complaint as true and evaluate all inferences derived from those facts in the light most favorable to the plaintiff. *See Hunnings v. Texaco, Inc.*, 29 F.3d 1480, 1483 (11th Cir. 1994). Nonetheless, "conclusory allegations, unwarranted factual deductions or legal conclusions masquerading as facts will not prevent dismissal." *Davila v. Delta Air Lines, Inc.*, 326 F.3d 1183, 1185 (11th Cir. 2003). To survive a motion to dismiss, a plaintiff's complaint must include "enough facts to state a claim to relief that is

plausible on its face." *Bell Atl. Corp. v. Twombly*, 127 S.Ct. 1955, 1960 (2007).  While in the ordinary case a plaintiff may find the bar exceedingly low to plead only more than "a statement of facts that merely creates a suspicion [of] a legally cognizable right of action," it is clear that "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 1959, 1965; *see also Davis v. Coca-Cola Bottling Co. Consol.*, 516 F.3d 955, 974, n.43 (11th Cir. 2008) (noting the abrogation of the "no set of facts" standard and holding *Twombly* "as a further articulation of the standard by which to evaluate the sufficiency of all claims").  Absent the necessary factual allegations, "unadorned, the-defendant-unlawfully-harmed-me accusation[s]" will not suffice. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009).

## II.     Plaintiff's Motion to Dismiss

### A.     Count II of Defendant's Counterclaim

Count II of Defendant's counterclaim alleges a contract and/or combination in restraint of trade, a violation of Section 1 of the Sherman Act.  Section 1 of the Sherman Act prohibits "[e]very contract, combination in the form of trust or otherwise, or conspiracy, in restraint of trade or commerce among the several States, or with foreign nations...." 15 U.S.C. § 1.  It is understood that the ban on "contract[s] in restraint of trade" means only unreasonable restraints, *State Oil Co. v. Khan,* 522 U.S. 3, 10, 118 S.Ct. 275, 279, 139 L.Ed.2d 199 (1997), that is, restraints that impair competition.  *Chicago Board of Trade v. United States,* 246 U.S. 231, 238, 38 S.Ct. 242, 244, 62 L.Ed. 683 (1918).  Some types of

agreements are so obviously anticompetitive, or so unlikely to be pro-competitive, that such agreements can be deemed to violate the Sherman Act without much more than an examination of the agreement itself and the relationships of the parties to the agreement. *State Oil,* 522 U.S. at 10, 118 S.Ct. at 279; *Arizona v. Maricopa County Med. Soc.,* 457 U.S. 332, 344, 102 S.Ct. 2466, 2473, 73 L.Ed.2d 48 (1982). These agreements are labeled "*per se*" violations. Regardless of terminology, the ultimate purpose of the antitrust inquiry is to form a judgment with respect to the competitive significance of the restraint at issue. *NCAA v. Bd. Regents Okla. Univ.,* 468 U.S. 85, 103, 104 S.Ct. 2948, 2962, 82 L.Ed.2d 70 (1984). The analytic focus should be on what conclusions regarding the competitive impact of a challenged restraint can confidently be drawn from the facts demonstrated by the parties. *See California Dental Ass'n v. FTC,* 526 U.S. 756, 779-81, 119 S.Ct. 1604, 1617-18, 143 L.Ed.2d 935 (1999), *NCAA,* 468 U.S. at 103-04, 104 S.Ct. at 2961-62.

Plaintiff argues that Defendant pleads no relevant facts to state a cause of action of a violation of Section 1 of the Sherman Act. The Court disagrees. Count II alleges that Plaintiff acquired title to a competitor's patent (McNaughton Inc.) in order to restrain commerce in the relevant market, by requiring other competitors, like Defendant, to take a license from Plaintiff at an exorbitant royalty. Defendant also alleges that Plaintiff has acquired more than 10 patents covering plural chamber drinking cups, known as bombers or shooters, in order to obtain licenses from competitors at exorbitant rates. At this stage, this is sufficient to state a claim.

Plaintiff is correct that a patent grants its owner the lawful right to exclude others. However, "[t]he exclusionary right cannot be exploited in every way – patentees cannot pool their patents and fix the prices at which licensees will sell the patented article, for example." *Valley Drug Co. v. Geneva Pharmaceuticals, Inc.*, 344 F.3d 1294, 1304-05 (11th Cir. 2003). At this stage, the Court must assume the truth of the allegations and Defendant has alleged that Plaintiff and McNaughton Inc. conspired or combined to restrain competition. Thus, Plaintiff's motion to dismiss Count II must be denied.

The Court does note, however, that federal case law is clear that it is not a violation of the antitrust laws to acquire patents from others. If it is determined, at a later stage, that these allegations were lacking in merit, the Court will not hesitate to award sanctions.

### B.   Count III of Defendant's Counterclaim

Count III of Defendant's counterclaim alleges monopolization by Plaintiff, a violation of Section 2 of the Sherman Act. The parties agree that to assert such a claim, Defendant must allege that Plaintiff "knowingly and willfully" misrepresented material facts to defraud the Patent Office, that the Patent Office granted the patent in justifiable reliance on the misrepresentation, and that Plaintiff now seeks to enforce a patent with knowledge that the patent was procured by fraud. *See Walker Process Equipment, Inc. v. Food Machinery & Chemical Corp.*, 382 U.S. 172, 177 (1965).

Plaintiff argues that the allegations do not contain specific allegations of fraud. The Court disagrees. Count III alleges that Plaintiff acquired the two patents at issue in the complaint by conduct that is "inequitable," and that the '840 Patent was acquired "by

knowingly and willfully misrepresenting to the USPTO that subject matter added to the claims of said patent to obtain allowance thereof found support in the application as filed and/or its predecessor applications and was not new matter." (Dkt. 34). At this stage, this is sufficient to state a claim.

### C. Defendant's Third Affirmative Defense

Finally, the parties agree that the viability of Defendant's third affirmative defense "stands or falls" on this Court's ruling as to whether Counts II and III state a claim, because the third affirmative defense similarly alleges violations of the antitrust laws. Accordingly, Plaintiff's motion to strike Defendant's third affirmative defense must be denied given the Court's conclusion that Counts II and III sufficiently state a claim.

It is therefore ORDERED AND ADJUDGED that Plaintiff's Motion to Dismiss Counts II & III of Defendant's First Amended Counterclaim and to Strike Defendant's Third Affirmative Defense (Dkt. 40) is hereby DENIED.

**DONE** and **ORDERED** in Tampa, Florida on December 2, 2010.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

S:\Even\2010\10-cv-762.m2dismissDkt40.frm