UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**HURRICANE SHOOTERS, LLC,**

    **Plaintiff,**

v.                                                      **Case No.  8:10-cv-762-T-30AEP**

**EMI YOSHI, INC.,**

    **Defendant.**
_____/

## ORDER

THIS CAUSE comes before the Court upon Plaintiff's Amended Motion for Partial Summary Judgment (Dkt. 87), Defendant's Response in opposition (Dkt. 91), and Plaintiff's Reply (Dkt. 99).  The Court, having considered the motion, response, reply, record evidence, and being otherwise advised in the premises, concludes that Plaintiff's amended motion for partial summary judgment should be denied.

## BACKGROUND

Plaintiff Hurricane Shooters, LLC ("Plaintiff") is the owner of a variety of patents in the field of drinking glasses and barware.  Among these are the two patents at issue in this case: U.S. Pat. No. 7,243,812 ("the '812 Patent") and U.S. Patent No. 7,523,840 ("the '840 Patent") (collectively "the Patents-in-Suit").  Both involve plural chamber drinking cups for serving mixed drinks in bars and restaurants.  The '812 Patent is what might be termed the parent patent and the '840 Patent an improvement, or child thereof.  Both patents have the

same title, Plural Chamber Drinking Cup. The invention of the '812 Patent is summarized as follows:

> The invention provides a plural chambered cup for serving mixed drinks comprising an outer chamber having a bottom with an outer edge wherein the outer edge terminates in an upwardly extending outer chamber side wall that terminates in an uppermost outer chamber rim that forms the periphery of an open top and further comprising an inner chamber disposed within the outer chamber having an inner chamber side wall that extends upwardly from the outer chamber bottom and terminates in an uppermost inner chamber rim that forms the periphery of an open top and also has a bottom with an outer edge terminating in the upwardly extending inner chamber side wall, wherein the inner chamber rim is disposed a selected distance below the outer chamber rim. The distance is selected to optimize mixing of fluids as they are simultaneously poured out of the two chambers while minimizing interference with the noses of the drinkers.

Dkt. 1-1. Plaintiff's complaint alleges that Defendant EMI Yoshi, Inc. ("Defendant") has infringed these patents.

Defendant previously moved for summary judgment, arguing the invalidity of the '812 Patent and the '840 Patent due to Plaintiff's alleged failure to comply with 35 U.S.C. §112, by failing to include in the specifications a written description of the claimed inventions or how to use the claimed inventions.

The Court denied Defendant's motion for summary judgment because the record contained material disputed facts on the issue of whether the specifications lacked an adequate description of the claimed inventions.

This case is now at issue upon Plaintiff's motion for partial summary judgment on Defendant's affirmative defenses that the Patents-in-Suit are invalid: (1) under 35 U.S.C. §102(g) due to the alleged prior inventorship of Ted Skala; and (2) under 35 U.S.C. §101 for alleged failure of utility.

Plaintiff argues that the record is undisputed that co-inventors of the Patents-in-Suit, Bryan Mansfield and Ricky Lambert, conceived of their invention prior to any alleged inventorship for a plural chamber "bomb cup" by Ted Skala, the owner and President of By George, LLC ("By George"), a company selling a similar cup to the cups at issue in this case.[1]

Plaintiff also argues that the record is devoid of any evidence supporting Defendant's allegations that the Patents-in-Suit lack utility.

As set forth in more detail below, the Court concludes that the record reflects genuine issues of material disputed facts related to Defendant's affirmative defenses of invalidity, which preclude the entry of partial summary judgment in Plaintiff's favor.

## DISCUSSION

**I.    Summary Judgment Standard of Review**

Motions for summary judgment should only be granted when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, show there is no genuine issue as to any material fact and that the moving party is entitled to

---

[1] Plaintiff sued By George for infringement of the '812 Patent for the same cup design in the case *Hurricane Shooters, LLC v. McNaughton Incorporated et. al*, Case No: 8:07-CV-1914-T-26TBM. That case was settled in late 2009 with By George taking a license from Plaintiff and paying royalties on future sales of the cup design.

judgment as a matter of law.  Fed. R. Civ. P. 56(c);  *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).  The existence of some factual disputes between the litigants will not defeat an otherwise properly supported summary judgment motion; "the requirement is that there be no *genuine* issue of *material* fact."  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986) (emphasis in original).  The substantive law applicable to the claimed causes of action will identify which facts are material.  *Id.*  Throughout this analysis, the court must examine the evidence in the light most favorable to the non-movant and draw all justifiable inferences in its favor.  *Id.* at 255.

Once a party properly makes a summary judgment motion by demonstrating the absence of a genuine issue of material fact, whether or not accompanied by affidavits, the nonmoving party must go beyond the pleadings through the use of affidavits, depositions, answers to interrogatories and admissions on file, and designate specific facts showing that there is a genuine issue for trial.  *Celotex*, 477 U.S. at 324.  The evidence must be significantly probative to support the claims.  *Anderson*,  477 U.S. at 248-49 (1986).

This Court may not decide a genuine factual dispute at the summary judgment stage. *Fernandez v. Bankers Nat'l Life Ins. Co.*, 906 F.2d 559, 564 (11th Cir. 1990).  "[I]f factual issues are present, the Court must deny the motion and proceed to trial." *Warrior Tombigbee Transp. Co. v. M/V Nan Fung*, 695 F.2d 1294, 1296 (11th Cir. 1983).  A dispute about a material fact is genuine and summary judgment is inappropriate if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Anderson*, 477 U.S. at 248; *Hoffman v. Allied Corp.*, 912 F.2d 1379 (11th Cir. 1990).   However, there must exist a

conflict in substantial evidence to pose a jury question. *Verbraeken v. Westinghouse Elec. Corp.*, 881 F.2d 1041, 1045 (11th Cir. 1989).

In a patent case, Defendant has the burden of proving the affirmative defenses of prior inventorship and failure of utility under a "clear and convincing standard." However, Plaintiff is incorrect to the extent it contends that Defendant is held to that burden as a matter of law at the summary judgment stage. Indeed, although the ultimate evidentiary burden of showing clear and convincing evidence does not change on summary judgment, Defendant could defeat summary judgment by showing a genuine issue of material fact, which, if believed by the finder of fact, could provide clear and convincing evidence of the patent's invalidity. *See Duramed Pharmaceuticals, Inc. v. Watson Laboratories, Inc.*, 413 Fed.Appx. 289, 295 (Fed. Cir. March 25, 2011) (*citing Freedman Seating Co. v. Am. Seating Co.,* 420 F.3d 1350, 1364 (Fed. Cir. 2005) and *Monarch Knitting Mach. Corp. v. Sulzer Morat GmbH,* 139 F.3d 877, 881 (Fed. Cir. 1998) ("If facts remain in dispute, this court weighs the materiality of the dispute, i.e., whether resolution of the dispute one way or the other makes a difference to the final determination of obviousness.")).

**II.  Defendant's Affirmative Defenses of Patent Invalidity**

A.  <u>Prior Inventorship</u>

Section 102(g)(2) of Title 35 provides, in pertinent part:

> A person shall be entitled to a patent unless . . . (2) before such person's invention thereof, the invention was made in this country by another inventor who had not abandoned, suppressed, or concealed it.

The statute continues to state:

> In determining priority of invention under this subsection, there shall be considered not only the respective dates of conception and reduction to practice of the invention, but also the reasonable diligence of one who was first to conceive and last to reduce to practice, from a time prior to conception by the other.

Also, to establish patent invalidity due to prior inventorship under section 102(g)(2), the challenger must offer corroborating evidence. *Martek Biosciences Corp. v. Nutrinova, Inc.*, 579 F.3d 1363, 1375 (Fed. Cir. 2009).

Here, Defendant has shown a genuine issue of material fact on the issue of whether in October 2004, Ted Skala designed what appears to be the same cup patented by Plaintiff, which, if believed by the finder of fact, could provide clear and convincing evidence of the patent's invalidity. The record reflects evidence through the testimony of Skala and the expert report of Adam Sharp that Skala conceived of his invention in October 2004. The record also contains evidence that could lead a jury to believe that the earliest Plaintiff's inventors conceived of their invention occurred in November 2004, when Mansfield first contacted Mark Douma, the attorney he eventually retained, regarding the invention.[2]

Plaintiff's arguments largely focus on the credibility of Sharp and Skala and are more relevant for cross examination at trial. The Court also does not agree with Plaintiff's narrow

---

[2] Although Plaintiff states that Mansfield and Lambert conceived of their invention in mid-August 2004 - two months earlier than Skala's claim of conception, Mansfield and Lambert's contention is not corroborated in the record before the Court. *See Kardulas v. Florida Machine Products Co.*, 438 F.2d 1118, 1121 (5th Cir. 1971) (noting that "it is well settled that the uncorroborated and undocumented testimony of the patentee is insufficient to prove invention date").

definition of corroborating evidence. Plaintiff argues that the expert report of forensic computer analyst Sharp is insufficient corroborating evidence because Sharp's report states, <u>in part</u>, that he had no reason to doubt Skala's files showing his cup design was created in October 2004. Plaintiff contends that "[h]aving no reason to doubt Mr. Skala does not constitute corroboration of his claim." (Dkt. 99). The Court disagrees with this strict interpretation. Moreover, Sharp's report also states that Sharp was able to locate at least two copies of the referenced image, titled "bombcup.jpg" and that both images indicate that they were last modified on October 22, 2004, which is around the same time that Skala claimed he designed the invention. This is sufficient corroborating evidence.

Accordingly, Plaintiff's motion for partial summary judgment on the issue of Defendant's affirmative defense of prior inventorship must be denied.

B.  <u>Lack of Utility</u>

Under section 101 of Title 35, "[w]hoever invents or discovers any new and useful process, machine, manufacture, or composition of matter, or any new and useful improvement thereof, may obtain a patent . . ." The issue of whether a claimed invention lacks utility is an issue of fact. *See Brooktree Corp. v. Advanced Micro Devices, Inc.*, 977 F.2d 1555, 1571 (Fed. Cir. 1992). Nevertheless, Plaintiff argues that the record is devoid of any genuine issues of material fact as to whether the inventions disclosed in the Patents-in-Suit satisfy the threshold for usefulness under section 101. The Court disagrees.

The declaration of Barry Haley, Defendant's expert, is sufficient to create a material disputed fact on this issue. According to Haley, the Patents-in-Suit lack utility because they

merely contain mathematical formulae and process steps "which do not form structural elements as the basis for a statutory invention under 35 U.S.C. §101 as a useful article of manufacture, thus lacking utility." Dkt. 91; Ex. M. Additionally, Defendant has identified a number of contradictions in the record regarding the Patents-in-Suit's claimed utilities of nesting, overpouring, and enhanced shots.

Accordingly, Plaintiff's motion for partial summary judgment on the issue of Defendant's affirmative defense of lack of utility must be denied.

It is therefore ORDERED AND ADJUDGED that Plaintiff's Amended Motion for Partial Summary Judgment (Dkt. 87) is hereby DENIED.

**DONE** and **ORDERED** in Tampa, Florida on September 8, 2011.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

S:\Even\2010\10-cv-762.partialmsjDkt82.wpd